**Roda v. Roda**

158

C.P. of Lancaster County, no. CI-97-13908.

*William W. Boyd,* for plaintiff.
*John E. Huber,* for defendant Roda.
*Anthony Marc Hopkins,* for defendant Shank.

GEORGELIS, *J.,* March 26, 1998—March 26, 1998. Before me are the preliminary objections of the defendant, Wendy S. Roda, and the preliminary objections of the defendant, Christopher Shank, both to the plaintiff's complaint. They raise the viability of an intentional infliction of emotional distress claim in a custody dispute setting. Both sets of objections will be sustained.

The complaint alleges that: the plaintiff and the defendant Roda are the parents of two minor children; the defendant Shank is the paramour of the defendant Roda; the custody of the children is controlled by a court order; the plaintiff, pursuant to that order and with the agreement of the defendant Roda, was on vacation with the children in Wheeling, West Virginia; the defendants, with the assistance of Wheeling police

officers, forcibly took custody of the children from the plaintiff; and, as a result, the plaintiff suffered, and continues to suffer, extreme emotional distress and emotional shock, for which he has received medical and psychological treatment. Count I of the complaint, although not so specifically identified, appears to state a cause of action for the tort of intentional infliction of emotional distress. Viewed together, the defendants' preliminary objections are on the grounds that the cause of action is precluded by the pending custody proceeding and that it does not sufficiently plead a claim for the intentional infliction of emotional distress.

Our Supreme Court, in *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987), addressed the tort of intentional infliction of emotional distress. Even though *Kazatsky* was not decided in the context of a custody dispute, it clearly sets forth Pennsylvania law on the tort of intentional infliction of emotional distress. In adopting section 46 of the Restatement (Second) of Torts, our Supreme Court noted that the "gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tort-feasor." *Id.* at 190, 527 A.2d at 991.

It then quoted section 46(1) of the Restatement as follows:

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id.* at 190, 527 A.2d at 991.

It then referenced portions of the commentary to section 46 as follows:

"The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant

has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's [sic] feelings are hurt. Restatement (Second) of Torts §46 comment d. (1965)." *Id.* at 190-91, 527 A.2d at 991-92.

The essence of the plaintiff's intentional infliction of emotional distress claim is that defendant Roda had authorized the plaintiff to take their children on vacation and, in obtaining the assistance of the police to take the children away from him, represented that she had not so authorized. The custody dispute between the plaintiff and defendant Roda is before our court in *Kenneth M. Roda v. Wendy S. Roda,* no. 3063 of 1995, and that action has been, at times, before me. I have entered some of the orders in that action, and I am fully aware of the extremely strained relationship be-

tween the plaintiff and the defendant Roda, which relationship exists as a result of the custody dispute. On September 3, 1997, after consideration of defendant Roda's petition for emergency special relief, I suspended the plaintiff's partial custody of the children and directed strict supervision of any contact he was to have with the children. This action was taken because of very serious concerns I had regarding the plaintiff's abuse of prescription medication while the children were in his care.

Based on the record of the custody action, I believe that defendant Roda's concerns for the well-being of the children are legitimate. Accordingly, I do not believe that her actions to remove them from the custody of the plaintiff on July 18, 1997 even begin to approach the level of outrageous conduct required by the Restatement and by *Kazatsky, supra.* That is, I simply cannot imagine that "an average member of the community" would exclaim "outrageous" in describing defendant Roda's conduct, given the plaintiff's history in the custody action. Even though the plaintiff's feelings may have been hurt by defendant Roda's conduct and even though her acts may have been inconsiderate and unkind, I do not believe they rise to the level of outrageousness mandated by *Kazatsky* to state a cause of action for the intentional infliction of emotional distress. Her conduct cannot fairly be described as going "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 190, 527 A.2d 988, 991 (1987).

Furthermore, allowing the plaintiff's emotional distress claim to survive would set, I believe, a very dangerous precedent. In this case, it would encourage defendant Roda's emotional distress counterclaim, and,

in many cases, it would encourage the removal of the resolution of this type of problem from what I believe is the appropriate forum, namely the custody action. For these reasons, I believe that the plaintiff's claim for the intentional infliction of emotional distress must be dismissed.

Accordingly, I enter the following:

## ORDER

And now, March 26, 1998, for the reasons noted in the foregoing opinion, the preliminary objections of the defendant, Wendy S. Roda, and the preliminary objections of the defendant, Christopher Shank, both to the plaintiff's complaint are sustained, and Count I of the complaint is dismissed.